IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIRK L. WILLIAMS,

        Petitioner,

    v.

MARK NOOTH,

        Respondent.

Case No. 3:10-cv-00070-ST

FINDINGS AND RECOMMENDATION

Nell Brown, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Andrew Hallman, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying convictions for Rape, Sodomy, Sexual Abuse, and Unlawful Sexual Penetration. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (docket #20) should be denied.

## BACKGROUND

The victim in this case, J.G, was the young daughter of petitioner's girlfriend. J.G. reported that petitioner sexually abused her on at least 30 different occasions over approximately seven years. As a result, on April 21, 2003, the Washington County Grand Jury indicted petitioner on 20 counts pertaining to five separate episodes of sexual assault, each of which gave rise to one count each of Rape in the First Degree, Sodomy in the First Degree, Unlawful Sexual Penetration in the First Degree, and Sexual Abuse in the First Degree. Respondent's Exhibit 102. The Indictment alleged that two of the assaults occurred sometime between October 18, 1997, and October 17, 2001 (before J.G's twelfth birthday), and the three remaining assaults allegedly occurred sometime between October 18, 2001, and March 10, 2003. *Id.*

Prior to trial, petitioner filed two demurrers. In the first demurrer, he argued that the Indictment violated his Sixth and Fourteenth Amendment rights because it failed to allege that he acted "intentionally" as opposed to "knowingly" and, therefore, did

not require a sufficiently culpable mental state. Petitioner's Exhibit A. The trial court denied this demurrer. Trial Transcript Vol. I, p. 135.

In his second pretrial demurrer (titled "Defendant's Demurrer and Motion to Require State to Elect a Theory"), petitioner argued that the Indictment did not allege distinguishing details with respect to any of the incidents of sexual assault charged such that he could formulate a defense. He therefore asked the trial court to either dismiss the Indictment or require the State to elect a theory upon which to proceed and notify him of that theory prior to trial. Petitioner's Exhibit B. The trial court denied the demurrer and required the State to elect a theory only at the end of its case. Trial Transcript Vol. I, p. 135.

At trial during his opening statement, the prosecutor referenced J.G's statement that petitioner sexually assaulted her on 30 different occasions. Trial Transcript Vol. III, pp. 24-25. Defense counsel moved for a mistrial, but the trial court later denied that motion after ruling that the evidence regarding the uncharged sexual contact was admissible under Oregon law. *Id* at 34-35. The jury proceeded to find petitioner guilty on all counts, and the trial court imposed consecutive sentences totaling 200 months in prison. Respondent's Exhibit 101.

Petitioner filed a direct appeal, and the Oregon Court of Appeals affirmed the trial court's decision in a *per curiam*

3 - FINDINGS AND RECOMMENDATION

opinion. *State v. Williams*, 214 Or. App. 690. The Oregon Supreme Court denied review. 343 Or. 467 (2007).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County which was denied. Respondent's Exhibit 118. Petitioner initially filed an appeal, but later voluntarily dismissed it. Respondent's Exhibits 120-21.

Petitioner filed his Amended Petition for Writ of Habeas Corpus on September 14, 2010, alleging nine grounds for relief:

> 1. The trial court violated petitioner's Fifth, Sixth, and Fourteenth Amendment rights when it denied the demurrer to the Indictment when the Indictment did not give petitioner adequate notice of the nature and cause of the accusations, including all the facts and circumstances that constitute the offenses charged, so that he could prepare his defense accordingly and be protected against double jeopardy;
>
> 2. The trial court violated petitioner's Fifth, Sixth, and Fourteenth Amendment rights when it denied his motion to require the State to make pre-trial elections regarding its theory as to the specific acts alleged in the indictment. A pre-trial election by the State was necessary to permit Petitioner to be informed of the nature and cause of the accusation so that he could prepare his defense accordingly;
>
> 3. The trial court violated petitioner's Fifth, Sixth, and Fourteenth Amendment rights when it admitted acts of uncharged sexual conduct between petitioner and J.G.;
>
> 4. The trial court violated petitioner's Fourteenth Amendment right to due process of law when it denied petitioner's motion for a mistrial during the prosecutor's opening statement;

5. The trial court violated petitioner's Fourteenth Amendment right to due process of law when it permitted the State's medical expert to testify to her diagnosis of sexual abuse in the absence of any confirming physical evidence;

6. The trial court violated petitioner's Fourteenth Amendment right to due process of law when it permitted the State to recall Kimberly Janky to testify to highly prejudicial and uncharged bad acts;

7. Petitioner was denied the effective assistance of appellate counsel as guaranteed by the Sixth and Fourteenth Amendments when appellate counsel failed to assign as error on appeal the following preserved errors:

   A. The trial court's admission of a diagnosis of sexual abuse by a medical expert in the absence of any confirming physical evidence;

   B. The trial court's admission of Kimberly Janky's recalled testimony;

   C. The trial court's denial of the defense motion to suppress;

   D. The trial court's denial of the defense motion to sever;

   E. The trial court's denial of the defense motion for mistrial based on improper statements by the district attorney during closing argument; and

   F. The trial court's denial of the defense motions for judgment of acquittal based on insufficient evidence.

8. Petitioner was denied his Sixth and Fourteenth Amendment right to a unanimous jury verdict where the jury was not instructed to agree on a specific set of facts to support each count in the indictment; and

5 - FINDINGS AND RECOMMENDATION

>    9.  Petitioner is actually innocent of the crimes
>        of which he stands convicted.

Amended Petition (docket #20), pp. 3-7.

Respondent asks the court to deny relief on the Amended Petition because: (1) petitioner does not argue the majority of his claims; (2) the claims argued by petitioner are procedurally defaulted, and the default is not excused; and (3) all argued claims lack merit.

## FINDINGS

### I.  Unargued Claims

In his memoranda, petitioner argues Grounds One through Four, and Ground 7(A).  He does not address respondent's contentions that his remaining claims are procedurally defaulted and does not argue the merits of those claims.  Petitioner has not carried his burden of proof with respect to these unargued claims.  *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).  Accordingly, they should be denied.

### II. Exhaustion and Procedural Default

#### A.   Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims.  *Rose v. Lundy*, 455 U.S. 509, 519 (1982).  "As a general rule, a petitioner satisfies the

6 - FINDINGS AND RECOMMENDATION

exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and, therefore, are not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule or failed to raise the claim at the state level at all. *Edwards*, 529 U.S. at 451; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

///

7 - FINDINGS AND RECOMMENDATION

B.  **Analysis**

1.  **Grounds One and Two**

Grounds One and Two both challenge the denial of petitioner's second pretrial demurrer asking the trial court to either dismiss the Indictment or, in the alternative, require the state to make a pre-trial election as to which specific incidents were at issue.[1] Respondent attempts to characterize the demurrer as the basis for Ground One, and the alternative request to require the State to make a pre-trial election as a wholly different claim set out in Ground Two. This is an overly strict interpretation. The second demurrer and its supporting memorandum simply contained an alternative form of requested relief, namely to require the State to make a pre-trial election as to which five of the 30 alleged incidents of sexual abuse were at issue. Petitioner's Exhibit B. As such, the court reads Grounds One and Two together as a singular challenge to the trial court's denial of petitioner's demurrer which asked for two alternative forms for relief predicated on the same legal theories.

Petitioner cited federal law both in his second demurrer to the trial court and in his Appellant's Brief to the Oregon Court of Appeals raising the same claims presented in Grounds One and Two in this case. Petitioner's Exhibit B; Respondent's Exhibit 103,

---

[1] As petitioner notes, "while pled separately in an abundance of caution, Ground One is essentially the same claim raised in Ground Two." Memorandum in Support (docket #46), p. 14 n. 14.

8 - FINDINGS AND RECOMMENDATION

pp. 21, 24.  However, respondent argues that petitioner failed to fairly present Grounds One and Two because his Petition for Review to the Oregon Supreme Court limited the scope of review to state law only.

Petitioner concedes that his Petition for Review omitted any citation to federal law pertaining to the due process claim in Grounds One and Two.[2]  Memorandum in Support (docket #46), p. 15. He contends, however, that his Petition for Review referred the Oregon Supreme Court to his appellate briefing in the "Reasons for Granting Review" of the Petition for Review.  Specifically, he points to the following sentence: "9) The issues are well presented in the briefs.  ORAP 9.07(15)."  Respondent's Exhibit 105, p. 11.

In *Farmer v. Baldwin*, 346 Or. 67, 73, 205 P.3d 871 (2009), the Oregon Supreme Court stated that it "may consider briefs filed in the Court of Appeals to identify and evaluate a party's legal arguments on a question presented on review."  It explained that:

> briefs filed in the Court of Appeals are available to this court and will be reviewed at that stage if the court or any justice desires to do so.  Nothing requires the court or any justice to consider only the petition for review in deciding whether to grant review.  The Oregon rules of Appellate Procedure make that clear.  ORAP 9.07(15) states that one of this court's criteria for granting review is [w]hether the issues are well presented in the briefs.

---

[2] As discussed below, the Petition for Review contains a single citation to federal law pertaining only to the claims raised in Grounds Three and Four of this habeas corpus action.  Respondent's Exhibit 105, p. 10.

9 - FINDINGS AND RECOMMENDATION

*Id* at 72-73 (internal citation omitted).

As an initial matter, the issue presented in *Farmer* was specifically limited to cases involving *Balfour* briefing.[3]  *Id* at 71-72.  While petitioner in this case was represented by appellate counsel at each level of his direct review, no *Balfour* brief was filed on his behalf.  Respondent's Exhibits 103, 105.

In addition, the fact that petitioner's Petition for Review informed the Oregon Supreme Court that the issues were well-presented in the briefs does not incorporate any federal issues by reference.  Indeed, the language most logically informs the Oregon Supreme Court that the state law claims raised in the Petition for Review were also presented to the Oregon Court of Appeals.  And while the Oregon Supreme Court Justices may choose to review the briefs filed in the lower courts, this choice does not satisfy the federal exhaustion requirement which places the burden on petitioner to raise his federal claims at each and every level of his state court review.  *Reese v. Baldwin*, 541 U.S. 27, 32 (2004) (a claim is not fairly presented if a state court "must read beyond a petition or a brief . . . that does not alert it to the presence

---

[3] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues.  Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal."  The defendant may then file the Section B segment of the brief containing any assignments of error he wishes.  *State v. Balfour*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

10 - FINDINGS AND RECOMMENDATION

of a federal claim in order to find material . . . that does so."). By not doing so, petitioner failed to fairly present Grounds One and Two to Oregon's highest state court.  As the time for presenting these claims passed long ago, they are now procedurally defaulted.

### 2. Grounds Three and Four

Grounds Three and Four allege that the trial court erred when it: (1) admitted evidence pertaining to uncharged sexual contact between petitioner and J.G.; and (2) denied petitioner's motion for a mistrial after the prosecutor mentioned the uncharged conduct during his opening statement.  The State first contends that by failing to present these federal due process claims to the trial court, petitioner failed to preserve them for appellate review.

At trial, petitioner's trial counsel argued against the introduction of the uncharged sexual conduct in connection with a denial of due process concerning the vagueness of the Indictment. Trial Transcript Vol. I, pp. 135-36; Trial Transcript Vol. II, pp. 24-25; Trial Transcript Vol. III, p. 5.  Thus, the court views the federal due process claims alleged in Grounds One through Four as presented together, with a federal basis, to the trial court. Accordingly, petitioner preserved Grounds Three and Four for direct appellate review.

11 - FINDINGS AND RECOMMENDATION

Respondent next argues that while petitioner's appellate brief assigned error to both the trial court's denial of the mistrial motion and admission of the uncharged conduct evidence, it failed to give sufficient notice that he was raising a federal issue. In relation to Grounds Three and Four, petitioner's Appellant's Brief and Petition for Review clearly asserted that "due process prohibits unfair prejudice" and in support cited *Brady v. Maryland*, 373 U.S. 83 (1963). Respondent's Exhibit 103, p. 39; Respondent's Exhibit 105, p. 10. The court finds this sufficient to satisfy the fair presentation requirement and will address Grounds Three and Four on their merits.

### 3.     Ground 7(A)

Ground 7(A) alleges that the trial court erred when it admitted the diagnosis of sexual abuse by a medical expert in the absence of any confirming physical evidence. He concedes that this claim is procedurally defaulted and seeks to establish cause and prejudice to excuse his default.

In order to demonstrate "cause," petitioner must show that some objective factor external to the defense and imputed to the State impeded his efforts to fairly present his claim in state court. *Coleman*, 501 U.S. at 754; *Vansickel v. White*, 166 F.3d 953, 958 (9th Cir.), *cert. denied*, 528 U.S. 965 (1999); *Murray*, 477 U.S. at 488. A petitioner meets the "prejudice" standard if he can

demonstrate that the errors he complains of undermine confidence in the outcome of his trial. *Vansickel*, 166 F.3d at 958-59.

Traditionally, the performance of PCR counsel could not establish cause and prejudice to excuse a procedural default because there is no constitutional right to counsel. *Coleman*, 501 U.S. at 753-54 (only the constitutionally ineffective assistance of counsel constitutes cause); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (there is no constitutional right to counsel in a PCR proceeding). However, in *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012), the Supreme Court found "it . . . necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." It therefore carved out a "narrow exception" to *Coleman* and held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.*

There is no dispute that claims of ineffective assistance of counsel in Oregon must be raised in a PCR action. According to petitioner, his trial counsel preserved a due process claim challenging the admissibility of the State's physician expert witness testimony, but his appellate counsel was ineffective by failing to present it. Petitioner's appointed appellate counsel

13 - FINDINGS AND RECOMMENDATION

for the direct appeal agrees that he should have included the claim in petitioner's Appellant's Brief:

>   4. I have long believed that challenges to the admission of this type of evidence had merit. I was the appellate attorney in the case of *State v. Trager*, 158 Or App 399, 974 P2d 750, *rev den* 329 Or 358 (1999), where the Court of Appeals rejected this argument. I filed a petition for review in the *Trager* case in the Oregon Supreme Court. The State filed a response to that petition, agreeing that the Supreme Court should allow review. Although the Oregon Supreme Court denied review, Justice Durham dissented from the order denying review and would have granted review. Myself and others at the office of the State Public Defender felt that *Trager* was inconsistent with well-established case law from the Oregon Supreme Court, and that the issue was ripe for Supreme Court review. The office of the State Public Defender encouraged attorneys to pursue this issue after *Trager*.
>
>   5. I did not make a strategic decision to omit this issue from Mr. Williams's appellate brief. Where, as here, an issue was preserved for appeal, and obviously had merit, I should have included it in the appellate brief. Given my awareness and understanding of the law at the time, I should have briefed this issue had I recognized that it was preserved. The only reason that I would have omitted it from the appellate brief is due to an oversight.

Petitioner's Exhibit E (Affidavit of Andy Simrin), p. 2.

Petitioner asks the court to extend *Martinez* beyond meritorious claims of ineffective assistance of trial counsel to cover ineffective assistance of appellate counsel as alleged in Ground 7(A). To support this argument, he cites this District's

14 - FINDINGS AND RECOMMENDATION

decision in *Wells v. Howton*, Civil No. 6:07-cv-01117-TC, for the proposition that it makes no difference whether the underlying claim is one of ineffective assistance of trial or appellate counsel for purposes of a *Martinez* analysis.

Petitioner provides no specific citation within *Wells* to support the proposition that *Martinez* applies with equal force to both underlying claims of ineffective assistance of trial counsel and those involving appellate counsel. An examination of *Wells* reveals that it did not present any issues of procedural default and cause and prejudice that are at issue here. In fact, *Wells* was decided prior to the U.S. Supreme Court's decision in *Martinez*, such that petitioner's reliance on *Wells* as authority for the scope of *Martinez* is misplaced.

Not only is *Wells* unhelpful to petitioner, but other decisions from this District have specifically declined to extend *Martinez* as requested by petitioner. *Pinnell v. Belleque*, No. 3:06-cv-00828-BR, 2012 WL 6649229, at *2 (Dec. 20, 2012); *Laing v. Kroger*, No. 3:10-cv-00878-HU, 2012 WL 3314612, at *5 n.2 (June 7, 2012). The same is true of the two Circuit courts that have considered the issue. *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012); *Dansby v. Norris*, 682 F.3d 711, 729 (8th Cir. 2012), *aff'd on rehg.*, 691 F.3d 934, 937.

Because petitioner seeks to demonstrate cause and prejudice with respect to a claim of ineffective assistance of appellate counsel which the Supreme Court has placed outside the scope of *Martinez*, petitioner is unable to excuse his procedural default.

### III. The Merits

#### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410.  The state court's application of clearly established law must be objectively unreasonable.  *Id* at 409.

### B.  Analysis

As Grounds Three and Four, petitioner alleges that the trial court violated his right to due process of law when it admitted evidence of uncharged sexual contact between petitioner and J.G., and denied his motion for a mistrial when the prosecutor referenced the uncharged conduct during his opening statement.  As a general matter, whether a state court violated its own evidentiary code is "no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  However, the admission of other bad acts evidence will still violate due process where "there are *no* permissible inferences the jury may draw from it," *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991) (emphasis in original), and where the petitioner can demonstrate he suffered prejudice.  *Dillard v. Roe*, 244 F.3d 758, 767 n. 7 (9th Cir.), *cert denied*, 534 U.S. 905 (2001).

In this case, the trial court concluded that the admission of evidence pertaining to uncharged sexual misconduct involving petitioner and J.G. was relevant to show the sexual predisposition of petitioner toward this particular victim. Trial Transcript Vol. III, pp. 32-34. In fact, petitioner agreed with the trial court that the evidence was relevant and instead focused his argument on whether the court was obligated to balance the probative value of the uncharged conduct against its prejudicial impact. *Id* at 35. Because the other bad acts evidence was relevant such that the jury could draw a reasonable inference from it, the trial court did not violate petitioner's right to due process of law. Accordingly, the state-court decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

IV. **Alternative Request for Evidentiary Hearing**

Finally, petitioner asks the court to conduct an evidentiary hearing with respect to Ground 7(a) should it find the current record insufficient to evaluate his claim of ineffective assistance of appellate counsel in its merits. Because petitioner cannot excuse his default with respect to Ground 7(a), the court should decline to conduct an evidentiary hearing.

///

///

18 - FINDINGS AND RECOMMENDATION

**RECOMMENDATION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (docket #20) should be denied, and a judgment should be entered dismissing this case with prejudice. However, the court should issue a Certificate of Appealability as to all claims petitioner argues on the basis that he has made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 8, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 21st day of March, 2013.

                                  s/ Janice M. Stewart
                                       Janice M. Stewart
                                       United States Magistrate Judge